UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN SUE BOES,

    Petitioner,                                         Civil No. 2:09-CV-12279
                                                     HONORABLE PAUL D. BORMAN
v.                                                   UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

       Karen Sue Boes, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In her application, filed through her counsel Mark A. Satawa and Stuart G. Friedman, petitioner challenges her conviction for for first-degree felony murder, M.C.L.A. 750.316.  Petitioner has also filed a motion to hold the petition in abeyance in order to permit her to complete post-conviction proceedings in the state courts, in which she is attempting to exhaust three claims which were not presented to the state courts as part of her direct appeal.  For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete her post-conviction proceedings in the state courts to exhaust her claims.  The Court will also administratively close the case.

**I. Background**

       Petitioner was convicted by a jury in Ottawa County Circuit Court of one count of first-

degree felony murder.

Petitioner filed a direct appeal, in which she raised what now make up her first, fifth, and sixth claims. Petitioner's conviction was affirmed on appeal. *People v. Boes,* No. 248289(Mich.Ct.App. December 21, 2004); *lv. den.* 474 Mich. 853; 702 N.W. 2d 578 (2005).

On November 28, 2006, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Ottawa County Circuit Court, in which she raised what make up the second, third, and fourth claims that she seeks to raise in her current habeas petition. Both the trial court and the Michigan Court of Appeals denied petitioner post-conviction relief. Petitioner's post-conviction appeal remains pending in the Michigan Supreme Court.

## II. Discussion

Petitioner has asked this Court to hold the instant petition in abeyance to permit her to complete post-conviction proceedings in the state courts, in which she is attempting to exhaust claims which she acknowledges were not presented to the Michigan appellate courts as part of the direct review process.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

To the extent that petitioner is seeking habeas relief on the three grounds raised in her post-conviction proceedings, these claims are unexhausted because they remain pending before

the Michigan Supreme Court. A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F. 2d 1384, 1386 (6th Cir. 1970).

The Court will, however, grant petitioner's motion to hold the petition in abeyance while she completes the exhaustion of these claims in the state courts. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Several other judges in this district have held a habeas petition in abeyance while a habeas petitioner's post-conviction appeal remained pending in the Michigan Supreme Court, as is the case here. *See McKay v. Sherry,* No. 2008 WL 1808405, *2 (E.D. Mich. April 21,

2008)(Gadola, J.)*;Titlow v. Burt,* No. 2007 WL 2584762 (E.D. Mich. September 7, 2007)(Battani, J.); *Wood v. Jones,* No. 2006 WL 1877060 (E.D. Mich. July 6, 2006)(Friedman, J.); *Brown v. Wolfenbarger,* No. 2005 WL 3465862 (E.D. Mich. December 16, 2005)(Rosen, J.).

Petitioner argues that these claims were not presented as federal constitutional claims in the state courts because her appellate attorney was ineffective.  On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005).  This Court has previously found that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Scott v. Lafler,* No. 2007 WL 2002731, * 2 (E.D. Mich. July 5, 2007).  Other judges in this district have reached the same conclusion. *See e.g. Taylor v. Prelesnik,* No. 2008 WL 3853300, * 3 (E.D. Mich. August 18, 2008)(Duggan, J.); *Chambers v. White,* No. 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006)(Cohn, J.)*; Boyd v. Jones,* No. 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005)(Roberts, J).  Furthermore, petitioner's claims do not appear plainly meritless.  Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278.  To ensure that petitioner does not delay in exhausting her state court remedies, the Court imposes upon petitioner time limits within which

she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present her claims in state court within sixty days from the date of this Order, which she has already done. *See id.* Further, she must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction review. This tolling is conditioned upon petitioner re-filing her habeas petition under the current caption and case number within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**           s/Paul D. Borman
                          PAUL D. BORMAN
                          UNITED STATES DISTRICT JUDGE

Dated:  June 25, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 25, 2009.

                                          s/Denise Goodine  
                                          Case Manager