UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN SUE BOES,

    Petitioner,                                    Civil No. 2:09-CV-12279
                                                        HONORABLE PAUL D. BORMAN
v.                                                UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

## OPINION AND ORDER REQUIRING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS WITHIN THIRTY DAYS OF THE COURT'S ORDER

Petitioner filed a petition for writ of habeas corpus with this Court through her counsel Mark A. Satawa and Stuart G. Friedman, in which she challenged her conviction for first-degree felony murder. On June 25, 2009, this Court entered an opinion and order granting petitioner's motion to hold her habeas petition in abeyance pending the completion of state post-conviction proceedings by petitioner. The Court also administratively closed the case. *Boes v. Warren*, No. 2:09-CV-12279; 2009 WL 1856511 (E.D. Mich. June 25, 2009). On December 22, 2010, this Court granted petitioner's motion to reinstate the petition for writ of habeas corpus and to file an amended petition for writ of habeas corpus. The Court further ordered the Clerk of the Court to serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court further ordered the respondent to file an answer to the amended petition and the Rule 5 materials within one hundred and eighty days of the Court's order. *Boes v. Warren*, No. 2:09-CV-12279; 2010 WL 5387524 (E.D. Mich. December 22, 2010). To date, the respondent has neither filed an answer to the petition for writ

1

of habeas corpus nor have they filed the Rule 5 materials.

A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *See Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Delays by the state in responding to a petition for writ of habeas corpus "can, in and of themselves, prejudice a petitioner by creating a bar to a merits review of a prisoner's constitutional claims." *Burgess v. Bell*, 555 F. Supp. 2d 855, 857 (E.D. Mich. 2008)(Lawson, J.). Moreover, "Rapid adjudication of habeas petitions is important because...the writ of habeas corpus exists so that people wrongly detained may obtain freedom." *Wilkerson v. Jones*, 211 F. Supp. 2d 856, 860 (E.D. Mich. 2002)(Gadola, J.).

This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001)(Tarnow, J.). 28 U.S.C. § 2243. In light of the amount of time that has passed in this case without an answer, the Court orders respondent to file an answer to the petition for writ of habeas corpus within thirty days of this order.

The Court also orders respondent to provide the Rule 5 materials at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin*, 308 F.3d at 654. Without the Rule 5 materials in this case, the Court is unable to "isolate the precise contours of the dispute", because the court is "missing half of the story", i.e.

the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)(Cohn, J.).

Based upon the foregoing, the Court orders respondent to file an answer and to produce the entire state court record within **thirty (30) days** of the date of this order or show cause why they are unable to comply with the order.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: 6-22-12